# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-592V
Filed: March 18, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

DAVID DUNCAN,       *

                   *

         Petitioner,      *       Damages Decision Based on Proffer;

                   *       Tetanus-Diphtheria-acellular Pertussis;

v.                     *       ("Tdap"); Table Injury; Brachial Neuritis;

SECRETARY OF HEALTH        *       Brachial Plexus; Special Processing

AND HUMAN SERVICES,       *       Unit ("SPU")

                   *

         Respondent.     *

                   *

* * * * * * * * * * * * * * * * * * * * * * * * * *

Isaiah Kalinowski, Maglio Christopher and Toale, PA (DC), for petitioner.
Michael Milmoe, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

       On July 11, 2014, David Duncan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] (the "Vaccine Act" or "Program"). Petitioner alleges he suffered pain and weakness in his shoulder and arm following the administration of the tetanus, diphtheria, and acellular pertussis ("TDAP") vaccine on October 26, 2012. Petition at 1, 4. (ECF No. 1). The case was assigned to the Special Processing Unit of the Office of Special Masters.

       On October 28, 2014, a ruling on entitlement was issued, finding that petitioner was entitled to compensation. (ECF No. 16). On March 18, 2016, respondent filed a proffer on award of compensation ["Proffer"] stating that petitioner should be awarded $193,000.00. Proffer at 1 (ECF No. 49). According to respondent's Proffer, petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees to the proposed award of compensation.  <u>Id.</u>  Furthermore, petitioner has filed an "Acceptance of Proffer."  Notice, filed Mar. 18, 2016 (ECF No. 50).

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner **a lump sum payment of $<u>193,000.00</u> in the form of a check payable to petitioner, David Duncan.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**<u>s/Nora Beth Dorsey</u>**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| DAVID DUNCAN, | ) | |
| | ) | |
| Petitioner, | ) | No. 14-592V |
| | ) | Chief Special Master Dorsey |
| v. | ) | ECF |
| | ) | |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Compensation for Vaccine Injury-Related Items**

On October 28, 2014, then Chief Special Master Denise Vowell issued a Ruling on

Entitlement finding that petitioner was entitled to vaccine compensation for his brachial neuritis.

Respondent proffers that, based on the evidence of record, petitioner should be awarded

$193,000.00.  This amount represents all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.      Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made

through a lump sum payment as described below, and requests that the special master's decision

and the Court's judgment award the following:[1]

A.  A lump sum payment of $193,000.00 in the form of a check payable to petitioner, David
    Duncan.  This amount accounts for all elements of compensation under 42 U.S.C.
    § 300aa-15(a) to which petitioner would be entitled.

---

[1] Should petitioner die prior to entry of judgment, respondent reserves the right to move the Court for appropriate
relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and
future lost wages.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

*/s/ Michael P. Milmoe*
MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone:   (202) 616-4125
Dated:  March 18, 2016                     Fax:      (202) 616-4310